UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CARLOS ROBINSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:22-CV-1114 HEA |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's Motion and Amended Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (ECF Nos. 1 and 14). Petitioner argues that his convictions under the Hobbs Act, 18 U.S.C. § 1951(a), cannot serve as a predicate "crime of violence" to support his additional convictions under 18 U.S.C. § 924(c). Also before the Court is the Motion to Dismiss filed by the United States. The United States argues that Petitioner has waived his right to bring a motion for post-conviction relief, and that his Motion to Vacate was untimely. For the reasons that follow, the Court denies Petitioner's Motion and Amended Motion to Vacate and denies as moot the Motion to Dismiss filed by the United Sates.

## I. Background

On May 17, 2017, Carlos Robinson was charged in an eight-count indictment with an attempted Hobbs Act robbery, three complete Hobbs Act robberies, and four counts of possessing and brandishing a gun in furtherance of the three completed robberies and the attempted robbery. More specifically, the counts are as follows:

> Count One: Completed Hobbs Act robbery of a Conoco gas station on February 6, 2017 (18 U.S.C § 1951);
>
> Count Two: Possessing and brandishing a gun in furtherance of completed Conoco gas station robbery (18 U.S.C. § 924(c));
>
> Count Three: Completed Hobbs Act robbery of a Mobil gas station on February 10, 2017 (18 U.S.C § 1951);
>
> Count Four: Possessing and brandishing a gun in furtherance of the completed Mobil gas station robbery (18 U.S.C. § 924(c));
>
> Count Five: Attempted Hobbs Act robbery of a BP gas station on February 13, 2017 (18 U.S.C § 1951);
>
> Count Six: Possessing and brandishing a gun in furtherance of the attempted BP gas station robbery (18 U.S.C. § 924(c));
>
> Count Seven: Completed Hobbs Act robbery of a Family Dollar store on February 15, 2017 (18 U.S.C § 1951);
>
> Count Eight: Possessing and brandishing a gun in furtherance of the completed Family Dollar store robbery (18 U.S.C. § 924(c)).

(*United States v. Robinson*, 4:17-CR-229 HEA, ECF No. 1.)

In September 2019, the parties reached a plea agreement, under which

Petitioner agreed to plead guilty to Counts 1-5 and 7 of the indictment, and the United States agreed to dismiss Count 6, the brandishing count for the attempted Hobbs Act robbery of the BP station on February 13, 2017, and Count 8, the brandishing count for the completed Hobbs Act robbery of the Family Dollar store on February 15, 2027.  In his plea agreement, Petitioner admitted that there was a factual basis for the plea, and that he understood the elements of the offenses.

As to Counts 1, 3, and 7, Petitioner admitted that he committed the following elements of completed robbery under 18 U.S.C. § 1951:

> (i)   The Defendant obtained property from a commercial establishment engaged in interstate or foreign commerce;
>
> (ii)  The Defendant did so by wrongful use of actual or threatened force, violence, or fear; and
>
> (iii) As a result of the Defendant's actions, interstate commerce, or an item moving in interstate commerce, was actually or potentially delayed, obstructed, or affected.

(4:17-CR-229, ECF No. 100 at 3).

As to Counts 2 and 4, Petitioner admitted that he committed the following elements of brandishing a firearm in furtherance of a violent crime under 18 U.S.C. § 924(c):

> (i)   The Defendant committed the crime[s] of armed robbery as set forth in Count[s] One [and Three] of the indictment; and

> (ii) The Defendant knowingly possessed and brandished a firearm in furtherance of [those] crime[s].

(*Id.* at 3-4). He also acknowledged that the United States could prove all the relevant facts of the crimes beyond a reasonable doubt if the case were to go to trial.[1]

On September 3, 2019, Petitioner entered a plea of guilty. During the change-of-plea hearing, the government recited the factual basis for Counts 1-5 and 7, and the following colloquy took place:

> THE COURT: Regarding Count 1, Count 3, and Count 7, did you obtain property from a commercial establishment engaged in interstate or foreign commerce?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And did you do so by wrongful use of actual or threatened force, violence, or fear?
>
> THE DEFENDANT: Yes.

---

[1]In the plea agreement, Petitioner also admitted to the following elements of attempted robbery, Count 5, under 18 U.S.C. § 1951:

(i) The Defendant *attempted* to obtain property from a commercial establishment engaged in interstate or foreign commerce;

(ii) The Defendant did so by wrongful use of actual or threatened force, violence, or fear; and

(iii) As a result of the Defendant's actions, interstate commerce, or an item moving in interstate commerce, would have been actually or potentially delayed, obstructed, or affected.

(4:17-CR-229, ECF No. 100 at 4) (emphasis added).

THE COURT: And as a result of your actions, interstate commerce or an item moving in interstate commerce was actually or potentially delayed, obstructed, or affected?

THE DEFENDANT: Yes, sir.

THE COURT: How do you plead regarding each of Counts 1, 3, and 7?

THE DEFENDANT: Guilty.

THE COURT: Regarding Count 2, did you commit the crime of armed robbery as set forth in Count 1 of the indictment?

THE DEFENDANT: Yes.

THE COURT: And did you knowingly possess and brandish a firearm in furtherance of that crime?

THE DEFENDANT: Yes.

THE COURT: How do you plead regarding Count 2?

THE DEFENDANT: Guilty.

THE COURT: Regarding Count 4, did you commit the crime of armed robbery as set out in Count 3 of the indictment?

THE DEFENDANT: Yes, sir.

THE COURT: And did you knowingly possess and brandish a firearm in furtherance of that crime?

THE DEFENDANT: Yes.

THE COURT: How do you plead regarding that count?

>    THE DEFENDANT: Guilty.

(4:17-CR-229, ECF No. 126 at 23-27). The Court found Petitioner competent to plead guilty and accepted his pleas of guilty as to all relevant counts.

On December 2, 2019, the Court held a sentencing hearing. Petitioner was sentenced to a term of 24 months on each of Counts 1, 3, 5, and 7, all such terms to be served concurrently; a term of 84 months on Count 2, to be served consecutively; and a term of 84 months on Count 4, to be served consecutively, for a total term of 192 months imprisonment. Petitioner did not appeal.

On October 21, 2022, Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 ("Motion to Vacate"). For relief, Petitioner argues that his sentences in Counts 2 and 4 are subject to collateral attack under *United States v. Taylor*, 596 U.S. 845 (2022). Petitioner was appointed counsel, and on January 27, 2023, he filed an Amended Motion to Vacate. In his amended motion, Petitioner argues that under the reasoning in *Taylor,* the Court should vacate his § 924(c) convictions (Counts 2 and 4) for brandishing a firearm during and in relation to a crime of violence. More specifically, he argues that under the Hobbs Act, completed robbery is indivisible from attempted robbery and, therefore, the elements of robbery fall outside of what is defined as a "crime of violence" under 18 U.S.C. § 924(c)(3)(A). Alternatively, Petitioner argues that he was indicted for

6

both attempted and completed Hobbs Act robberies, and the circumstances of this case support a finding that Petitioner was convicted under the "attempt" portion of the statute for all relevant counts. Finally, Petitioner contends that a completed Hobbs Act robbery can be accomplished by threatening to injure intangible property, or by injuring tangible property without the use of violent force, which do not qualify as a crime of violence under § 924(c)(3).

The United States moves to dismiss Petitioner's § 2255 motion and argues: (1) Petitioner's motion is barred under the postconviction waiver in his plea agreement; (2) Petitioner's motion is untimely under 28 U.S.C. § 2255(f)(3) because there is no nexus between *Taylor* and his predicate convictions; and (3) Petitioner's ground for relief fails on the merits because *Taylor* does not apply to completed Hobbs Act robberies. The waiver and timeliness arguments of the United States are intertwined with the merits of Petitioner's Motion to Vacate and, therefore, the Court will address the merits of the case.

## *II. Standard of Review*

Pursuant to 28 U.S.C. § 2255, a defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or law of the United States, that the court lacked jurisdiction to impose such a sentence, that "an error of law does not provide a basis for collateral attack unless the claimed error constituted a

7

fundamental defect which inherently results in a complete miscarriage of justice." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (internal citations omitted). To warrant relief under § 2255, the errors of which the Petitioner complains must amount to a fundamental miscarriage of justice. *Davis v. United States*, 417 U.S. 333, 346 (1974); *Hill v. United States*, 368 U.S. 424, 428-29 (1962).

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Feather v. United States*, 18 F.4th 982, 989 (8th Cir. 2021) (cleaned up; quoted case omitted). The Court may dismiss a claim without an evidentiary hearing "when the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Id.* The Court finds that Petitioner's claims can be conclusively determined based upon the parties' filings and the record in this case.

### III.   Discussion

Petitioner challenges his convictions under Counts 2 and 4 for brandishing a firearm during a crime of violence. 18 U.S.C. § 924(c)(1)(A)(ii). Section 924(c) mandates a minimum seven-year sentence for anyone convicted of "branish[ing]" a firearm "during and in relation to any crime of violence." 18 U.S.C. § 924(c)(1)(A)(ii).   Determining whether a crime qualifies as a "crime of violence"

8

under the statute is not decided by looking to the defendant's conduct, but rather, courts are to employ a categorical approach. *See United States v. Davis*, 588 U.S. 445, 449 (2019). Courts are to look to the elements of the underlying crime to determine whether the crime necessarily "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." [2] 18 U.S.C. § 924(c)(3)(A); *Davis*, 588 U.S. at 449; *Rose v. United States,* 153 F.4th 664, 668 (8th Cir. 2025).

In *United States v. Taylor*, 596 U.S. 845 (2022), the Supreme Court examined whether attempted robbery under the Hobbs Act qualifies as a crime of violence under § 924(c)(3)(A). It held that attempted robbery under the Hobbs Act, 18 U.S.C. § 1951(a), does not qualify as a crime of violence because it does not categorically require the government to prove the use, attempted use, or threatened use of force. The Supreme Court wrote that "to win a case for attempted Hobbs Act robbery the government must prove two things: (1) The defendant intended to unlawfully take or obtain personal property by means of actual or threatened force, and (2) he completed a 'substantial step' toward that end." *Taylor*, 596 U.S. at 851 (citing *United States v. Resendiz-Ponce*, 549 U.S. 102, 107 (2007)). It found that

---

[2]The Supreme Court in *Davis* declared the "residual clause" set forth in § 924(c)(3)(B) is unconstitutionally vague. 588 U.S. at 470.

establishing the "substantial step" element "does not require the government to prove that the defendant used, attempted to use, or even threatened to use force against another person or his property" and, therefore, attempted robbery under the Hobbs Act does not qualify as a "crime of violence." *Id.* Notably, the Supreme Court did not rule as to whether a completed robbery under the Hobbs Act was a crime of violence under § 924(c)(3)(A).

Petitioner argues that *Taylor* is applicable to his case, because attempted robbery and completed robbery under the Hobbs Act are indivisible crimes. A criminal statute is divisible when it "list[s] elements in the alternative, and thereby define[s] multiple crimes." *Mathis v. United States*, 579 U.S. 500, 505 (2016). In other words, a divisible statute has alternative elements, not just alternative means. *Descamps v. United States*, 570 U.S. 254, 278 (2013). "Elements are the constituent parts of a crime's legal definition – the things the prosecution must prove to sustain a conviction." *Mathis,*, 579 U.S. at 504 (internal quotation marks omitted). Means, in contrast, "spell[ ] out various factual ways of committing some component of the offense – a jury need not find (or a defendant admit) any particular item." *Id.* at 506. If a statute is "divisible," courts apply a "modified categorical approach," looking to certain permitted sources (such as the indictment or plea agreement) "to

10

determine what crime, with what elements, a defendant was convicted of." *United States v. Kent*, 44 F.4th 773, 775–76 (8th Cir. 2022) (citation omitted).

Petitioner argues 28 U.S.C. § 1951 is indivisible as between attempted and completed robberies, such that the reasoning in *Taylor* – that attempted robberies under § 1951 are not "crime[s] of violence" – should apply equally to completed robberies. The text of the statute and the analysis in *Taylor* itself belie Petitioner's argument.

First, the language of the statute does not support Petitioner's contention that the two crimes are indivisible. The language of the statute provides, "Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion *or attempts or conspires so to do so* ... shall be fined under this title or imprisoned not more than twenty years, or both." 18 U.S.C. § 1951(a) (emphasis added). The elements for completion of the crime and attempting the crime – as well as conspiring to commit the crime – are listed in the alternative. Further, subsection (b) defines robbery and extortion, as well as conspiracy. *Id.* at § 1951(b). Therefore, the statute sets forth the following separate offenses: completed robbery, attempted robbery, conspiracy to commit robbery, completed extortion, attempted extortion, and conspiracy to commit extortion, and the elements of these offenses are not the same. *See United States v.*

11

*Eccleston*, 2022 WL 3696664, at *2 (10th Cir. Aug. 26, 2022) (holding the Hobbs Act is "divisible into three robbery-based offenses: robbery, attempted robbery, and conspiracy to commit robbery" because "these three crimes comprise different elements"); *United States v. Linehan*, 56 F.4th 693, 700 (9th Cir. 2022) ("[A]n attempt to commit the offense is distinct from the completed offense.").

Second, the Supreme Court analysis in *Taylor* points to the fact that attempted robbery and completed robbery under the Hobbs Act are separate, divisible crimes. In its opinion, the Court sets out the elements for completed robbery and attempted robbery under the Hobbs Act, and the elements are different.

> [T]o win a conviction for a *completed robbery* the government must show that the defendant engaged in the "unlawful taking or obtaining of personal property from the person ... of another, against his will, by means of actual or threatened force." § 1951(b). From this, it follows that to win a case for *attempted Hobbs Act robbery* the government must prove two things: (1) The defendant intended to unlawfully take or obtain personal property by means of actual or threatened force, and (2) he completed a "substantial step" toward that end.

*Taylor*, 596 U.S. at 850–51 (emphasis added).

In other words, the two crimes have different elements that the United States must prove to obtain a conviction. Because completed robbery and attempted robbery do not have the same elements, they are not the same crime. The statute is divisible, and Petitioner's argument is without merit. *Taylor*, 596 U.S. at 850–51;

12

*United States v. Gooch*, 850 F.3d 285, 291 (6th Cir. 2017); *United States v. O'Connor*, 874 F.3d 1147, 1152 (10th Cir. 2017); *United States v. Johnson*, No. 4:22-CV-273 HEA, 2023 WL 2987043, at *4 (E.D. Mo. Apr. 18, 2023) (holding that the Hobbs Act is divisible into attempted and completed robberies).

Petitioner next argues that even if the Court finds that attempted robbery and completed robbery are divisible crimes under the Hobbs Act, the predicate offense underlying Petitioner's conviction under § 924(c) was attempted robbery, which is not a crime of violence. In support of his argument, Petitioner points to the following language of Counts 1 and 3 of the indictment:

> Defendant herein, did obstruct, delay, or affect commerce or the movement of any article or commodity in commerce or attempt to do so by robbery of the Conoco gas station [or Mobil gas station], a commercial establishment engaged in interstate or foreign commerce and in the business of buying and selling articles and commodities that have been previously transported in interstate or foreign commerce.

(4:17-CV-229, No. 1 at 1, 2, and 4). Petitioner argues that the indictment charged Counts 1 and 3 in a manner that allows attempt as a means by which the Hobbs Act robberies were committed.

The United States responds that the indictment charged Petitioner with four offenses under the Hobbs Act: three completed robberies (Counts 1, 3, and 7) and one attempted robbery (Count 5). It points to the fact that for Counts 1, 3, and 7, the

13

language in the indictment charges that Petitioner "did obstruct, delay, or affect commerce or the movement of any article or commodity in commerce or attempt to do so *by robbery,*" (4:17-CV-229, No. 1 at 4), while in Count 5, the language in the indictment charges that Petitioner "did obstruct delay, or affect commerce or the movement of any article or commodity in commerce or attempt to do so *by attempting to rob* the BP gas station." *Id.* at 3 (emphasis added).

The Court agrees with the United States. Petitioner was convicted of completed Hobbs Act robberies in Counts 1, 3, and 7 and attempted Hobbs Act robbery in Count 5. The plea agreement and the colloquy at the change of plea hearing further illuminate the issue. *United States v. Kent*, 44 F.4th 773, 776 (8th Cir. 2022) ("to determine what crime, with what elements, a defendant was convicted of" a court may look to the plea agreement and colloquy).

Petitioner pleaded guilty to Counts 1, 3, and 7, and admitted in the plea agreement and during the change of plea hearing that he obtained property from a commercial establishment engaged in interstate or foreign commerce, by wrongful use of actual or threatened force, violence, or fear. These are the elements for completed robbery. As to Count 5, Petitioner admitted that he *attempted to* obtain property from a commercial establishment engaged in interstate or foreign commerce, by wrongful use of actual or threatened force, violence, or fear. These

14

are the elements of attempted robbery. Petitioner's § 924(c) convictions in Counts 2 and 4, were predicated on Counts 1 and 3, which are crimes of completed robbery under the Hobbs Act and not attempted robbery.  Petitioner's argument is without merit.

Finally, Petitioner argues that completed robbery under the Hobbs Act is not a § 924(c) crime of violence for the following two reasons: (1) a Hobbs Act robbery may be committed by threatening injury to intangible property, which is not the level of force necessary for a §924(c) predicate; and (2) a Hobbs Act robbery can be committed by *de minimis* force against tangible property, which is not a threat of physical force required under the § 924(c) force clause.  Petitioner is seeking to overturn Eighth Circuit precedent holding that a completed Hobbs Act robbery meets the definition of a "crime of violence" under § 924(c)'s elements clause. *See, e.g., Diaz v. United States*, 863 F.3d 781, 783–84 (8th Cir. 2017) ("Like other circuits, we have expressly held that Hobbs Act robbery has 'as an element the use, attempted use, or threatened use of physical force against the person of another,' the operative term in § 924(c)(3)(A)," and that "decision is binding ....") (citation omitted).  Post-*Taylor* the Eighth Circuit continues to hold that completed Hobbs

Act robberies are crimes of violence.[3] *See Green v. Garland*, 79 F.4th 920, 923–24 (8th Cir. 2023) (*per curiam*) (writing the Supreme Court's decision in *Taylor* "does not change our position that a completed Hobbs Act robbery is a crime of violence.") (quotation omitted); *United States v. Moore*, 2022 WL 4361998, at *1 (8th Cir. Sept. 21, 2022) (*per curiam*) ("the plea agreement established that [the defendant] pleaded guilty to completed Hobbs Act robbery, which is a crime of violence.").

"In the absence of a controlling Supreme Court decision to the contrary," which is not present here, the Court is bound to follow Eighth Circuit law holding a completed Hobbs Act robbery is a crime of violence. *Calzone v. Summers*, 942 F.3d 415, 427 n.8 (8th Cir. 2019). *See also United States v. Fluckes*, 2023 WL 2292270, at *1 (8th Cir. Mar. 1, 2023) (*per curiam*) ("[O]nly the *en banc* court (or the Supreme Court of the United States) can overrule binding circuit precedent."); *Hood v. United States*, 342 F.3d 861, 864 (8th Cir. 2003) (district courts are "bound ... to apply the precedent of [the Eighth] Circuit"). Petitioner was convicted of completed Hobbs Act robbery, a crime of violence, and his Motion to Vacate is without merit and is denied.

---

[3]Other circuit courts also continue to hold that a completed Hobbs Act robbery is a crime of violence. *See, e.g., United States v. Stoney*, 62 F.4th 108, 114 (3d Cir. 2023)(a completed Hobbs Act robbery is a crime of violence under § 924(c)); *United States v. Green*, 67 F.4th 657, 671 (4th Cir. 2023) (same); *United States v. McCoy*, 58 F.4th 72, 74 (2d Cir. 2023) (same); *United States v. Baker*, 49 F.4th 1348, 1360 (10th Cir. 2022) (same).

16

### IV.  *Certificate of Appealability*

In a § 2255 proceeding before a district judge, the final order is subject to review on appeal by the court of appeals for the circuit in which the proceeding is held. 28 U.S.C. § 2253(a). However, unless a circuit judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. § 2253(c)(1)(B). A district court possesses the authority to issue certificates of appealability under § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *See Miller-El*, 537 U.S. at 335–36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338, quoting

17

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a motion is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [movant must show], at least, that jurists of reason would find it debatable whether the Movant states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Having thoroughly reviewed the record in this case, the Court finds that Petitioner has failed to make the requisite "substantial showing." *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b).  Therefore, a certificate of appealability will not issue.

Accordingly,

**IT IS HEREBY ORDERED** that Carlos Robinson's Motion and Amended Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 are **DENIED.**   [ECF No. 1 and 14]

**IT IS FURTHER ORDERED** that the United States of America's Motion to Dismiss is **DENIED as moot.**   [ECF No. 16]

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability as to any of the claims raised in the § 2255 motion because Petitioner

has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 13th day of January, 2026.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE